UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS VONTZ, #380134,

    Plaintiff,

v.

CASE NO. 2:20-CV-11339
HON. GEORGE CARAM STEEH

SUZANNE ROCHOWIAK &
GERMAYN GORMAN,

    Defendants.
                               /

**OPINION AND ORDER DISMISSING THE CIVIL RIGHTS COMPLAINT
AND DENYING THE MOTION FOR APPOINTMENT OF COUNSEL**

**I. INTRODUCTION**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Nicholas Vontz ("plaintiff") asserts that his state criminal trial proceedings were not accurately transcribed.[1] In particular, he asserts that a critical objection was omitted, that an exhibit presented to the jury was not properly logged, and that an audio recording played for the

---

[1]The plaintiff was convicted of four counts of aggravated stalking and four counts of using a computer to commit a crime following a jury trial in the Monroe County Circuit Court and was sentenced as a fourth habitual offender to concurrent terms of 6 to 20 years imprisonment and 11 to 30 years imprisonment on those convictions in 2018. See Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=380134.

-1-

jury was not transcribed.[2] The plaintiff names court reporters Suzanne Rochowiak and Germayn Gorman as the defendants in this action and sues them in their official and individual capacities. The plaintiff seeks injunctive relief and monetary damages. The plaintiff has also filed a motion for appointment of counsel. The Court has granted the plaintiff leave to proceed without prepayment of the filing fee for this action. See 28 U.S.C. § 1915(a)(1).

## II.  LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.

---

[2]The attachments to the complaint indicate that the audio recording was subsequently transcribed and given to the plaintiff and that the exhibit was not logged because it was introduced by the prosecution but never received by the court.

§ 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege facts to show that the deprivation of rights was intentional. Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 333-36 (1986).

### III. DISCUSSION

#### A. Criminal Proceedings

To the extent that the plaintiff's complaint concerns the validity of his state criminal proceedings, it is subject to summary dismissal for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), not the validity of continued confinement. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing

confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. Id. at 487-89.

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in Heck is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486.

In this case, the plaintiff alleges that the defendants' conduct is depriving him of the ability to properly appeal his criminal convictions. To that extent he is challenging the validity of his state criminal proceedings, such claims are barred by Heck and must be dismissed. See Thomas v. Pleasant, 28 F. App'x 436, 437 (6th Cir. 2002) (upholding dismissal of civil rights complaint against court reporters based upon Heck).

## B. Due Process

The plaintiff alleges that the defendants' conduct violated his due process rights by failing to provide accurate transcripts of his criminal trial. To state a procedural due process claim, a plaintiff must allege that he has a definite liberty or property interest which has been abridged without appropriate process. Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir. 2007); LRL Properties v. Portage Metro Housing Authority, 55 F.3d 1097, 1108 (6th Cir.1995). Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty." United States v. Salerno, 481 U.S. 739, 746 (1987) (internal quotations and citations omitted); see also Range v. Douglas, 763 F.3d 573, 588 (6th Cir. 2014). To state such a claim, a plaintiff must allege that he has a constitutionally protected interest which has been deprived by arbitrary and capricious state action. MSI Regency, Ltd. v. Jackson, 433 F. App'x 420, 429 (6th Cir. 2011).

The plaintiff makes no such showing. While he has a liberty interest in his freedom and a right to a fair trial and appeal, he does not have a constitutional right to a perfectly accurate transcript of his trial. See Lloyd v. Doherty, No. 18-3552, 2018 WL 6584288, *5 (6th Cir. Nov. 27, 2018)

(citing Ralph v. Mackowiak, No. 11-1010, slip. op. at 2 (6th Cir. Dec. 20, 2011), and affirming dismissal of § 1983 claims against court reporter for alleged alteration of transcript); see also Binienda v. Scutt, No. 09-13233, 2012 WL 3109430, *16 (E.D. Mich. July 31, 2012) (citing Carpenter v. Vaughn, 296 F.3d 138, 155 (3d Cir. 2002)).  Additionally, the plaintiff fails to allege facts which show that the state corrective process is insufficient to protect his rights.  To the extent that he asserts that material inaccuracies in his trial transcripts are impeding his due process right to a fair appeal or are otherwise affecting his ability to obtain post-conviction release, such claims are barred by Heck.

The plaintiff also fails to allege facts which show that the defendants acted intentionally to deprive him of his rights, let alone that their conduct was arbitrary and capricious.  Rather, his allegations amount to a claim that the defendants were negligent in their court reporting duties.  An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983. Collins v. City of Harker Hgts., 503 U.S. 115, 127-28 (1992); Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn., 34 F.3d 345, 348 (6th Cir. 1994).  The plaintiff alleges no facts which show that the defendants acted with

-7-

deliberate indifference or intentionally sought to thwart his appeals or cause him injury. Conclusory allegations of improper conduct are insufficient to state a federal civil rights claim. Crawford-El v. Britton, 523 U.S. 574, 588 (1998); Lanier v. Bryant, 332 F.3d 999, 1007 (6th Cir. 2003); see also Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-57. The plaintiff thus fails to state a viable due process claim in his complaint.

### C.  Access to the Courts

The plaintiff also seems to assert that he is being denied access to the courts in that he alleges that is unable to properly challenge his criminal convictions. Prisoners have a constitutional right of access to the courts which the states have an affirmative duty to protect. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. Lewis v. Casey, 518 U.S. 343, 355 (1996); Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999).

To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. Lewis, 518 U.S. at 351; Harbin-Bey v. Rutter, 420 F.3d 571, 578 (6th Cir. 2005). Examples of actual prejudice

include having a case dismissed, being unable to file a complaint, or missing a court-imposed deadline. Harbin-Bey, 420 F.3d at 578. No actual injury occurs without a showing that a non-frivolous claim has been lost or rejected, or that the presentation of such a claim is being prevented, due to the defendant's actions. Lewis, 518 U.S. at 354-56; Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). Lastly, a plaintiff must allege that the deprivation of his rights was the result of intentional conduct to state such a claim. Sims v. Landrum, 170 F. App'x 954, 957 (6th Cir. 2006); Wojnicz v. Davis, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence is insufficient to state an access to the courts claim under § 1983. Collins, 503 U.S. at 127-30.

While the plaintiff meets the first element to state such a claim, he does not meet the second or third elements. He fails to set forth facts which show that the he has been unable to pursue state or federal court review of his criminal convictions, that any filings were rejected, or that a non-frivolous claim was lost or dismissed due to transcription issues. More importantly, he fails to present facts indicating that any errors by the defendants were intentional in the constitutional sense. Rather, his allegations amount to claims of mere negligence. See Warren v. Doe, 28 F. App'x 463, 464 (6th Cir. 2002) (affirming dismissal of claims against

court reporter for failing to retain and transcribe audio recording of re-arraignment because allegations involved negligence). The plaintiff fails to state an access to the court claim in his complaint. He thus fails to state a claim upon which relief may be granted in his pleadings.

## IV. CONCLUSION

For the reasons stated, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his pleadings. Accordingly, the Court **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Given this determination, the Court also **DENIES** his motion for appointment of counsel.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: June 23, 2020

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 23, 2020, by electronic and/or ordinary mail and also on Nicholas Vontz #380134, Earnest C. Brooks Correctional Facility 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

s/Brianna Sauve
Deputy Clerk