UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS VONTZ, #380134,

        Plaintiff,

                                  CASE NO. 2:20-CV-11339

v.                                HON. GEORGE CARAM STEEH

SUZANNE ROCHOWIAK &
GERMAYN GORMAN,

        Defendants.
_____/

## ORDER DENYING THE MOTION TO FILE AN AMENDED COMPLAINT AND DISMISSING THE AMENDED COMPLAINT

Michigan prisoner Nicholas Vontz ("plaintiff") filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 asserting that his state criminal trial proceedings were not accurately transcribed. Specifically, he asserted that a critical objection was omitted, that an exhibit presented to the jury was not properly logged, and that an audio recording played for the jury was not properly transcribed. The plaintiff named court reporters Suzanne Rochowiak and Germayn Gorman as the defendants and sued them in their official and individual capacities seeking injunctive relief and monetary damages. The Court dismissed the complaint for failure to state a claim upon which relief may be granted under § 1983 because the complaint was subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), to the extent that it concerned the validity of his state criminal proceedings,

and because the plaintiff failed to allege sufficient facts to state a due process claim or an access to the courts claim in his pleadings.  The Court did not retain jurisdiction.  The matter is now before the Court on the plaintiff's motion to amend the complaint to attempt to correct pleading deficiencies in the original complaint, along with an amended complaint.

The motion to amend the complaint must be denied.  First, the Court has already dismissed the complaint and the case has been closed.  While a federal court generally has discretion to allow amendment of a civil complaint, see Fed. R. Civ. P. 15(a), such is not the case where, as here, the Court has already dismissed the complaint.  Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated.  In re Ferro Corp. Derivative Litigation, 511 F.3d 611, 624 (6th Cir. 2008); accord Griffey v. Lindsey, 345 F.3d 1058, 1062 (9th Cir. 2003); Pitts v. Champion, 16 F. App'x 975, 977 (10th Cir. 2001); Harris v. City of Auburn, 27 F.3d 1284, 1287 (7th Cir. 1994).  No such action has occurred in this case.  Moreover, the Court's dismissal of the initial complaint was appropriate because the plaintiff failed to state valid claims for relief.

Second, allowing the plaintiff to amend the complaint as requested would be futile.  The plaintiff continues to fail to state a claim upon which

relief may be granted under § 1983 for the same reasons that he failed to do so originally.  Moreover, while he includes terms such as "maliciously" and "corruptly" to his allegations, he still fails to allege facts to state valid claims for relief.  Conclusory allegations are insufficient to state a civil rights claim under § 1983.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Crawford-El v. Britton, 523 U.S. 574, 588 (1998); Moldowan v. City of Warren, 578 F.3d 351, 390-91 (6th Cir. 2009).  Accordingly, the Court **DENIES** the motion to amend the complaint and **DISMISSES** the amended complaint.  This case remains closed.  No further pleadings should be filed in this case. Additional pleadings may be stricken.

**IT IS SO ORDERED**.

Dated: July 31, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 31, 2020, by electronic and/or ordinary mail and also on Nicholas Vontz #380134, Earnest C. Brooks Correctional Facility 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

s/Brianna Sauve
Deputy Clerk